ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ALVIN SANTIAGO REYES<br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE<br>CORRECCIÓN Y<br>REHABILITACIÓN<br>RECURRIDO | KLRA202400691 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Núm. CMC-116-24 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de febrero de 2025.

Comparece ante esta Curia, el señor Alvin Santiago Reyes (recurrente) y solicita que dejemos sin efecto la *Respuesta del Área Concernida* que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR), el 23 de octubre de 2024.[1] En ella, el DCR dispuso que, las pertenencias del recurrente le serán devueltas tan pronto sea dado de alta del Hospital Centro Médico Correccional (Hospital).

**I**

Surge del expediente ante nuestra consideración que, el recurrente fue ingresado en el Hospital a finales del mes de septiembre de 2024. Debido a las condiciones médicas que padece, entre ellas, cáncer del hígado crónico, instó una *Solicitud de Remedio Administrativo,* el 8 de noviembre de 2024. En ella, solicitó que sus pertenencias, las cuales permanecen en el Complejo Correccional 292 de Bayamón, le fueran entregadas en el Hospital, a saber: pertenencias legales, personales y familiares, champú, *t-shirt, boxer,*

---

[1] Anejo 3.

Número Identificador

SEN2025_____

jabón de bañarse, artículos y comestibles adquiridos en la Comisaría, pampers, bolso de paletas, radio *walkman* con audífonos blancos de la Comisaría, batería *Energizer,* 2 toallas gris nuevas, abanico, entre otros.

Ese mismo día, el DCR emitió su *Respuesta* en la cual dispuso lo siguiente:

> Informó el Tnte. Wilfredo Berdecía, de la Comandancia del Anexo 292, que en el día de hoy enviaron los "pampers" al Centro Médico Correccional. El resto de sus pertenencias permanecerán en el Anexo 292 ya que no proceden en el Centro Médico Correccional al ser una facilidad hospitalaria. En ella se le entrega todo lo necesario durante su estadía. Indicó el Tnte. Berdecía que sus pertenencias están guardadas y segu[r]as en el área de ropería de la institución y que una vez usted regrese al Anexo 292 se le entregarán.[2]

Luego de instar un petitorio de reconsideración ante el DCR y previo a que la agencia actuara, el recurrente suscribió el recurso de epígrafe, el 2 de diciembre de 2024. En el recurso ante nos, reitera su solicitud de entrega de pertenencias.

Evaluado lo anterior, el 17 de enero de 2025, notificamos una *Resolución* en la cual concedimos un término al DCR para mostrar causa por la cual no procede la entrega de los documentos legales y de las pertenencias personales básicas que el recurrente reclama.

En cumplimiento con lo antes el DCR, representado por la Oficina del Procurador General de Puerto Rico, compareció mediante un *Escrito en Cumplimiento de Resolución y en Solicitud de Desestimación.* En su comparecencia acreditó que, el 29 de enero de 2025, el recurrente recibió las pertenencias que identificó en la *Solicitud de Remedio Administrativo.* El DCR detalló en su escrito que, no entregó al recurrente las cajetillas de cigarrillo y ciertos artículos de higiene personal, haciendo la salvedad de que, el Hospital suple todo artículo de cuidado personal.

Hemos examinado con detenimiento el recurso sometido por el recurrente y el petitorio de desestimación del DCR. Optamos por prescindir de los términos, escritos o procedimientos ulteriores "con

---

[2] Anejo 4.

el propósito de lograr su más justo y eficiente despacho". Regla 7 (b) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b) (5).

**II.**

### A. La Jurisdicción

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69, resuelto el 21 de junio de 2024. Es por ello, que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Íd.*

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *FCPR v. ELA et al.,* 211 DPR 521, 530 (2023). Por consiguiente, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Pueblo v. Ríos Nieves,* 209 DPR 264 (2022). A causa de ello, cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022); *Allied Mgmt. Group v. Oriental Bank,* supra.

A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo ante la ausencia de jurisdicción. La falta de jurisdicción es un defecto que no puede ser subsanado. *Íd.*

De otra parte, es norma reiterada que, los tribunales solo podemos adjudicar casos justiciables. El Tribunal Supremo reiteró la doctrina de academicidad en *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021). Un pleito que comienza y luego sufre cambios fácticos o judiciales, puede convertirse en uno no justiciable si la solución se torna académica o ficticia. *Íd.*, pág. 816. Conforme al principio de justiciabilidad, los tribunales limitan su intervención a resolver controversias reales y definidas que afectan las relaciones jurídicas de partes antagónicas u opuestas. *Íd.*, pág. 815. Por tanto, una controversia no se considera justiciable cuando: 1) se procura resolver una cuestión política, 2) una de las partes carece de legitimación activa 3) hechos posteriores al comienzo del pleito han tornado la controversia en académica; 4) las partes están tratando de obtener una opinión consultiva, o 5) se intenta promover un pleito que no está madura. *Íd.* Ciertamente y para los propósitos del análisis correspondiente al recurso ante nos, destacamos que la doctrina de la academicidad constituye una de las manifestaciones de la justiciabilidad.

Como se sabe, una de las justificaciones para *abstenerse de intervenir* en un pleito académico es evitar el uso innecesario de los recursos judiciales. Para determinar si un caso se ha tornado académico es necesario identificar si existe una controversia genuina y viva donde las partes tienen intereses opuestos. *Aguayo v. E.L.A.*, 80 DPR 552, 584 (1958). Además, es indispensable concluir que la decisión del tribunal afectará la relación jurídica de éstos. *Íd.* La controversia entre las partes debe permanecer durante todo el proceso. *RBR Const., S.E. v. A.C.*, 149 DPR 836, 846 (1999).

Cuando las variaciones en los hechos o en el derecho aplicable hacen que no exista una controversia vigente entre las partes adversas, procede desestimar el caso utilizando el fundamento de la academicidad. *Moreno v. Pres. U.P.R. II,* 178 DPR 969 (2010). Al examinar si un pleito se ha convertido en académico, debemos tomar en consideración los hechos anteriores, concomitantes y posteriores a los fines de determinar si la controversia continúa vigente con el transcurso del tiempo. *Pres. del Senado,* 148 DPR 737 (1999).

En *Super Asphalt v. AFI y otro,* supra, el Tribunal Supremo de Puerto Rico mencionó varias excepciones a la abstención que deben ejercer los foros adjudicativos ante un caso académico, a saber: (1) cuando se presenta una cuestión recurrente o susceptible de volver a ocurrir, capaz de evadir revisión judicial; (2) aquellos casos en los cuales el demandado cambia voluntariamente la situación de hechos, pero sin visos de permanencia; (3) cuando aspectos de la controversia se tornan académicos, sin embargo, subsisten consecuencias colaterales vigentes.

**III.**

Surge del expediente que, con posterioridad a la presentación del recurso de epígrafe, y en respuesta a la *Resolución* que notificamos el 17 de enero de 2025, el DCR entregó al recurrente algunas de las pertenencias objeto de la presente *Moción Sobre Solicitud de Pertenencias*. En particular, cuatro sobres legales con documentos; una libreta legal con documentos; correspondencia dirigida al Tribunal; bolsa plástica con sobres blancos y documentos: *walkman* (radio)*;* batería; audífono; champú y acondicionador; camisetas blancas; uniforme azul; y dos pares de medias.[3] Sin embargo, y tal cual expusimos en el tracto procesal, el DCR hizo constar en el *Escrito en Cumplimiento de Resolución y en Solicitud de Desestimación* que no entregó al recurrente las cajetillas

---

[3] Apéndice del *Escrito en Cumplimiento de Resolución y en Solicitud de Desestimación,* pág. 26.

de cigarrillos y algunos artículos de higiene personal, ante el hecho de que el Hospital está a cargo de suplirle los productos de cuidado personal.

Toda vez que, en respuesta a nuestra *Resolución,* el DCR entregó al recurrente algunos de los objetos que este solicitó, salvo los cigarrillos y algunos productos de higiene personal (ya que son suplidos por el Hospital), la controversia entre las partes es actualmente distinta a la presentada en el recurso ante nos. Entiéndase que, la entrega de los artículos reclamados altera el cuadro fáctico y los hechos que inciden sobre la justiciabilidad del recurso ante nos.

En virtud de lo resuelto por el Tribunal Supremo en *Moreno v. Pres. U.P.R. II,* supra, y dada la función revisora que se nos delegó ejercer ante un recurso de revisión judicial, resolvemos desestimar la presente causa bajo el fundamento de academicidad. A esos efectos, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra,* faculta al foro apelativo a desestimar un recurso apelativo ante la ausencia de jurisdicción. Ahora bien, lo antes no prejuzga la procedencia de una solicitud de remedio independiente, si alguna, así como la determinación que en su día realice el DCR.

**IV.**

Por los fundamentos expuestos, desestimamos el presente recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
